FILED
2022 Jan-19  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A

ELECTRONICALLY FILED
12/15/2021 11:10 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01 | |
|---|---|---|---|
| | | Date of Filing:<br>12/15/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL, A MINOR ET AL v. TOPGOLF**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other   **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

WAL108   12/15/2021 11:10:45 AM   /s/ RODERICK WALLS
_____   _____   _____
                  Date                   Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
12/15/2021 11:10 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY

| | |
|---|---|
| **TAMEKIA YELDER, Individually, and** ) | |
| **as Next Best Friend of** ) | |
| **LONDYN HILL, A Minor,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | |
| ) | **JURY DEMANDED** |
| **TOPGOLF USA BIRMINGHAM, LLC.** ) | |
| **d/b/a TOPGOLF BIRMINGHAM** ) | |
| **and fictitious parties partnership and** ) | |
| **XYZ Corporation, being the person,** ) | |
| **partnerships and corporation, who** ) | |
| **owned and/or operated the business at** ) | |
| **the location where Plaintiff's injuries** ) | |
| **were sustained, whose names are** ) | |
| **otherwise unknown at this time or if** ) | |
| **their names are known, their identity** ) | |
| **as proper party Defendants are not** ) | |
| **known at this time, but will be added** ) | |
| **hereto by amendment when ascertained,** ) | |
| **or the person or persons who caused the** ) | |
| **injuries.** ) | |
| ) | |
| **Defendant.** | |

---

## SUMMONS

---

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney, Roderick Walls, pursuant to the Alabama Rules of Civil Procedure.

### NOTICE TO DEFENDANT

### TOPGOLF USA BIRMINGHAM, LLC.

C/O CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

The Complaint that is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Plaintiff's attorney, **Roderick Walls, RODERICK WALLS & ASSOCIATES, LLC, 2122 1st Avenue North, Birmingham, AL 35203. YOUR ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

---

CLERK OF COURT                                              DATED

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **TAMEKIA YELDER, Individually, and** ) | |
| **as Next Best Friend of** ) | |
| **LONDYN HILL,  A Minor,** ) | |
|  ) | |
| **Plaintiffs,** ) | |
|  ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
|  ) | **JURY DEMANDED** |
| **TOPGOLF USA BIRMINGHAM, LLC.** ) | |
| **d/b/a TOPGOLF BIRMINGHAM** ) | |
| **and fictitious parties partnership and** ) | |
| **XYZ Corporation, being the person,** ) | |
| **partnerships and corporation, who** ) | |
| **owned and/or operated the business at** ) | |
| **the location where Plaintiff's injuries** ) | |
| **were sustained, whose names are** ) | |
| **otherwise unknown at this time or if** ) | |
| **their names are known, their identity** ) | |
| **as proper party Defendants are not** ) | |
| **known at this time, but will be added** ) | |
| **hereto by amendment when ascertained,** ) | |
| **or the person or persons who caused the** ) | |
| **injuries.** | |
|  | |
| **Defendant.** | |

_____

## COMPLAINT
_____

The Plaintiffs, **TAMEKIA YELDER, Individually, and as Next Best Friend of LONDYN HILL, A Minor**, by and through her attorney of record, comes and files this, her Complaint against Defendants, in the above styled cause and for grounds in support thereof would show unto the Court as follows:

### PARTIES & JURISDICTION

1.      Plaintiff, Tamekia Yelder, is an adult resident of Trussville, Jefferson County, Alabama.  She is the mother of Plaintiff Londyn Hill, a minor.

2.      Plaintiff, Londyn Hill, is a minor child under the age of (19) resident of Trussville, Jefferson County, Alabama.  She is the daughter of Plaintiff Tamekia Yelder.

3.      Defendant, **TOPGOLF USA BIRMINGHAM, LLC., d/b/a TOPGOLF BIRMINGHAM,** and fictitious party defendants, XYZ whose true name is otherwise unknown

but will be substituted by amendment when ascertained is and at all times material hereto was a business entity doing business at 1111 24th Street North, Birmingham, Jefferson County, Alabama.   All actions and events giving rise to this cause of action occurred in Jefferson County, Alabama.

## II.   FACTS

3.      On or about December 15, 2019, Plaintiff and her mother for a birthday party were upon the premises of a **TOPGOLF USA BIRMINGHAM, LLC., d/b/a TOPGOLF BIRMINGHAM, INC.,** operated by the defendant and fictitious party defendants, XYZ whose true name is otherwise unknown but will be substituted by amendment when ascertained, or the person or persons who caused the injuries**,** located in Jefferson County, Alabama.

4.      While patronizing the business, Plaintiff **LONDYN HILL** suffered a head injury when she was struck in the face and head by a golf club.  The Defendant failed to warn the minor child or her parent or give instructions to the minor child or her parents of the danger.

5.      As a result of the Defendant's negligence, Plaintiff **LONDYN HILL** suffered an injury to her face and head.

## COUNT ONE
## NEGLIGENCE

6.      Plaintiffs adopts and incorporates by reference paragraphs one through five as though fully set forth herein.

7.      Defendants and fictitious party defendants, XYZ whose true name is otherwise unknown but will be substituted by amendment when ascertained or the person or persons who caused the injuries**,** negligently created and/or allowed a dangerous condition to exist by allowing minor children to be engaged in dangerous activities at the facility and failed to warn or give instructions Plaintiff of the existence of the said dangerous condition.

8.      As a proximate result of the Defendant's said negligence, the Plaintiff was caused to suffer the following injuries and damages:

        (a)     Injuries to her face and head.

(b)     Plaintiff's parents were caused to spend substantial sums of money on medical expenses;

(C)     Plaintiff was caused to be temporarily and permanently unable to pursue many of her normal and usual activities as a result of her injuries; and

(D)     Plaintiff was caused to be permanently injured and damaged.


**WHEREFORE, PREIMISES CONSIDERED**, Plaintiffs hereby demand judgment against the Defendant for their said injuries and damages, including punitive damages set by a jury in this complaint.


Respectfully submitted this 15th day of December, 2021.


*s/Roderick Walls*_____
Roderick Walls (WAL108)
Plaintiffs' Attorney

**OF COUNSEL:**
**RODERICK WALLS & ASSOCIATES, LLC**
2122 First Avenue North
Birmingham, AL 35203
(205) 251-0334
FAX 251-0336
rod@wallscooplaw.com


**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**


**TOPGOLF USA BIRMINGHAM, LLC.**
C/O CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104



AlaFile E-Notice

01-CV-2021-903655.00

To:   RODERICK WALLS
      rod@wallscooplaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following complaint was FILED on 12/15/2021 11:10:51 AM

Notice Date:      12/15/2021 11:10:51 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903655.00

To:  TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN
C/O CT CORP. SYSTEM
2 N. JACKSON ST., #. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following complaint was FILED on 12/15/2021 11:10:51 AM

Notice Date:     12/15/2021 11:10:51 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-903655.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,**

**NOTICE TO:** TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN, C/O CT CORP. SYSTEM 2 N. JACKSON ST., #. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RODERICK WALLS                                                                                                                               ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2122 1ST AVENUE NORTH, BIRMINGHAM, AL 35203                                               .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL, A MINOR

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 12/15/2021 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ RODERICK WALLS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,

01-CV-2021-903655.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.53

Parties to be served by Certified Mail - Return Receipt Requested

TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN            Postage: $7.53
C/O CT CORP. SYSTEM
2 N. JACKSON ST., #. 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN
C/O CT CORP. SYSTEM
2 N. JACKSON ST., #. 605
MONTGOMERY, AL 36104

9590 9402 6456 0346 7038 99

2. Article Number (Transfer from service label)

7021 2720 0003 4530 3753

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

S/C

CV - 21 - 903655

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



**SENDER:** *COMPLETE THIS SECTION*

*COMPLETE THIS SECTION ON DELIVERY*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature


X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
DEC 2 0 2021

1. Article Addressed to:

TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN

C/O CT CORP. SYSTEM

2 N. JACKSON ST., #. 605

MONTGOMERY, AL 36104

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

S/C

CV-21-903655



9590 9402 6456 0346 7038 99

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
☐ ...ail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7021 2720 0003 4530 3753

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #

MONTGOMERY AL 360

21 DEC 2021 PM 12 L

9590 9402 6456 0346 7038 99

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 27 2021

JACQUELINE ANDERSON SMITH
CLERK



**AlaFile E-Notice**

01-CV-2021-903655.00

Judge: BRENDETTE BROWN GREEN

To:  WALLS RODERICK
rod@wallscooplaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following matter was served on 12/20/2021

**D001 TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903655.00

Judge: BRENDETTE BROWN GREEN

To:  WALLS RODERICK
    rod@wallscooplaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following matter was served on 12/20/2021

**D001 TOPGOLF USA BIRMINGHAM, LLC., D/B/A TOPGOLF BIRMIN**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-903655.00

To:  GLENN EDWIN IRELAND
       cireland@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following answer was FILED on 1/18/2022 11:46:07 AM

Notice Date:       1/18/2022 11:46:07 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
1/18/2022 11:46 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TAMEKIA YELDER, Individually, and<br>as Next Best Friend of LONDYN HILL,<br>A Minor,<br><br>    Plaintiff(s),<br><br>v.<br><br>TOPGOLF USA BIRMINGHAM, LLC.<br>d/b/a TOPGOLF BIRMINGHAM, et al.<br><br>    Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.: 01-CV-2021-903655<br>)<br>)<br>)<br>)<br>)<br>) |

---

### ANSWER

---

Defendant TopGolf USA Birmingham, LLC (hereinafter "TopGolf" or "Defendant") answers Plaintiff's Complaint as follows;

### PARTIES & JURISDICTION

1.      TopGolf is without sufficient information to admit the material allegations in paragraph one (1) of Plaintiff's Complaint. Therefore, said allegations are denied, and TopGolf demands strict proof thereof.

2.      TopGolf is without sufficient information to admit the material allegations in paragraph two (2) of Plaintiff's Complaint. Therefore, said allegations are denied, and TopGolf demands strict proof thereof.

3.      TopGolf admits it is a limited liability company that was doing business in Birmingham, Jefferson County, Alabama in December of 2019. TopGolf denies the remaining material allegations in paragraph three (3) of Plaintiff's Complaint and demands strict proof thereof.

II.      **FACTS**

3.(sic) TopGolf denies the material allegations in duplicate paragraph three (3) of Plaintiff's Complaint and demands strict proof thereof.

4.     TopGolf denies the material allegations in paragraph four (4) of Plaintiff's Complaint and demands strict proof thereof.

5.     TopGolf denies the material allegations in paragraph five (5) of Plaintiff's Complaint and demands strict proof thereof.

### COUNT ONE
### NEGLIGENCE

6.     TopGolf realleges its responses to the preceding paragraphs as if fully set forth herein.

7.     TopGolf denies the material allegations in paragraph seven (7) of Plaintiff's Complaint and demands strict proof thereof.

8.     TopGolf denies the material allegations in paragraph eight (8), including all sub-paragraphs therein, of Plaintiff's Complaint and demands strict proof thereof.

### FIRST DEFENSE

Defendant pleads that Plaintiff has failed to make a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads the failure to join a party pursuant to Rule 19.

### THIRD DEFENSE

Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Defendant denies the allegations of negligence and lack and/or failure of supervision.

### FIFTH DEFENSE

Defendant pleads imputed contributory negligence.

## SIXTH DEFENSE

Defendant contests the damages and demands strict proof thereof.

## SEVENTH DEFENSE

Defendant pleads imputed assumption of the risk.

## EIGHTH DEFENSE

Plaintiff's claims are barred by lack of proximate cause.

## NINTH DEFENSE

Defendant avers that minor Plaintiff's damages were the proximate result of acts and/or omissions of third parties which were neither employed by nor acting on behalf of Defendant.

## TENTH DEFENSE

Defendant pleads the superseding and intervening acts of third parties were the proximate cause of minor Plaintiff's claimed damages.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to allege a claim for which punitive damages can be recovered.

## TWELFTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining

the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate these defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

## FOURTEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate these defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the Alabama Constitution.

## FIFTEENTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

## SIXTEENTH DEFENSE

Any award of punitive damages in this case would violate Defendant's rights under the substantive and procedural due process clauses of the United States Constitution and of the

Constitution of the State of Alabama; the excessive fines clauses of the Eight Amendment of the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clauses of the United States Constitution and the Constitution of the State of Alabama.

## SEVENTEENTH DEFENSE

The Alabama punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co., v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system in wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See *Armstrong v. Roger's Outdoor Sports, Inc.,* 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standard less discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See *Honda Motor Co., Ltd. v. Oberg*, 114 S.Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## EIGHTEENTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards of limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## NINETEENTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and unconstitutionally infirm because an

award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to these defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I § 15.

## TWENTIETH DEFENSE

Without the protections previously provided §§6-11-23(a) and 6-11-24, *Code of Alabama* regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## TWENTY-FIRST DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guidelines upon which to rely in calculating mental anguish damage awards.

## TWENTY-SECOND DEFENSE

The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a)     That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b)     That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)     That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d)     That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant.

(e)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f)     That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h)     That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I)     That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages. (j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k)     That standards of conduct upon which punitive damages are awarded are vague.

(l)     That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m)     That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n)     That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o)     That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## TWENTY-THIRD DEFENSE

Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code §6-11-21.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Defendant, this award contravenes Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

## TWENTY-SIXTH DEFENSE

Defendant contends that Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to

the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to Plaintiff are limited to the standards set out in *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).

### TWENTY-SEVENTH DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under the authority of *BMW N. Am., Inc. v. Gore*, 646 So.2d 619 (Ala. 1994), *rev'd*, 517 U.S. 559 (1996), *reh'g denied*, 701 So.2d 507 (Ala. 1997).The allegations made by Plaintiff in this action, and Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Defendant, to deprive Defendant of due process of law.

### TWENTY-EIGHTH DEFENSE

Defendant pleads the open and obvious doctrine.

### TWENTY-NINTH DEFENSE

Defendant pleads that Plaintiff failed to mitigate the alleged damages.

### THIRTIETH DEFENSE

Defendant avers that it is not guilty of the matters and things alleged in Plaintiff's Complaint and demands strict proof thereof.

### THIRTY-FIRST DEFENSE

Defendant denies that it breached any alleged duty to Plaintiff.

### THIRTY-SECOND DEFENSE

Defendant pleads the affirmative defense of judicial estoppel.

### THIRTY-THIRD DEFENSE

Defendant pleads the affirmative defense of collateral estoppel.

### THIRTY-FOURTH DEFENSE

Defendant pleads the affirmative defense of equitable estoppel.

### THIRTY-FIFTH DEFENSE

Defendant pleads *res judicata*.

### THIRTY-SIXTH DEFENSE

Defendant pleads release, satisfaction, and accord.

### THIRTY-SEVENTH DEFENSE

Defendant denies that it is guilty of any wanton conduct.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred by lack of proximate cause.

### THIRTY-NINTH DEFENSE

Defendant would show that any injury or damage to Plaintiff was caused by intervening and superseding negligence, carelessness, recklessness, or willfulness of other persons or entities over which Defendant had no control.

### FORTIETH DEFENSE

Defendant reserves the right to amend and/or supplement this Answer should discovery reveal new or other available defenses.

### FORTY-FIRST DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### FORTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### FORTY-THIRD DEFENSE

Defendant pleads that Plaintiff lacks standing and/or capacity and/or is not the proper party to prosecute this action.

**FORTY-FOURTH DEFENSE**

Defendant claims as a set-off any monies received by or paid on behalf of Plaintiff for the acts or injuries alleged in Plaintiff's First Amended Complaint, including insurance proceeds or settlements of any kind.

**FORTY-FIFTH DEFENSE**

Any verdict based on Plaintiff's claims for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against vague and over broad laws.

**FORTY-SIXTH DEFENSE**

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

**FORTY-SEVENTH DEFENSE**

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
W. WALKER MOSS (MOS034)
Attorneys for Defendant,
TopGolf USA Birmingham, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
          wmoss@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_  Facsimile transmission;

\_\_\_\_\_  Hand Delivery;

\_\_\_\_\_  Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or

\_XX\_  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Roderick Walls, Esq.
Roderick Walls & Associates, LLC
2122 First Avenue North
Birmingham, Alabama 35203
rod@wallscooplaw.com

/s/ Glenn E. Ireland
OF COUNSEL



AlaFile E-Notice

01-CV-2021-903655.00

To: GLENN EDWIN IRELAND
cireland@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TAMEKIA YELDER, INDIVIDUALLY, AND AS NEXT BEST FRIEND OF LONDYN HILL,
01-CV-2021-903655.00

The following discovery was FILED on 1/18/2022 11:52:29 AM

Notice Date:     1/18/2022 11:52:29 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
7/18/2022 11:52 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON  COUNTY, ALABAMA

| | |
|---|---|
| **TAMEKIA YELDER, Individually, and**<br>**as Next Best Friend of LONDYN HILL,**<br>**A Minor,**<br><br>   **Plaintiff(s),**<br><br>**v.**<br><br>**TOPGOLF USA BIRMINGHAM, LLC.**<br>**d/b/a TOPGOLF BIRMINGHAM, et al.**<br><br>   **Defendant(s).** | )<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO.: 01-CV-2021-903655**<br>)<br>)<br>)<br>)<br>)<br>) |

---

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS
---

NOTICE is hereby given to the Clerk of this Court that the following documents were

duly served on all counsel of record in the above proceeding.

- Defendant's First Interrogatories to Plaintiff Tamekia Yelder, as Next Best Friend
  of Londyn Hill; and

- Defendant's First Requests for Production of Documents to Plaintiff Tamekia
  Yelder, as Next Best Friend of Londyn Hill.


/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
W. WALKER MOSS (MOS034)
Attorneys for Defendant,
TopGolf USA Birmingham, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        wmoss@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

   **\_\_\_\_\_**   Facsimile transmission;

   **\_\_\_\_\_**   Hand Delivery;

   **\_\_\_\_\_**   Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or

   **XX**   Using the Alafile or CM/ECF system which will send notifications of such to the following:

Roderick Walls, Esq.
Roderick Walls & Associates, LLC
2122 First Avenue North
Birmingham, Alabama 35203
rod@wallscooplaw.com

/s/ Glenn E. Ireland
OF COUNSEL

ELECTRONICALLY FILED
1/18/2022 11:52 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| TAMEKIA YELDER, Individually, and | ) | |
| as Next Best Friend of LONDYN HILL, | ) | |
| A Minor, | ) | |
| | ) | |
|    Plaintiff(s), | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 01-CV-2021-903655 |
| | ) | |
| TOPGOLF USA BIRMINGHAM, LLC. | ) | |
| d/b/a TOPGOLF BIRMINGHAM, et al. | ) | |
| | ) | |
|    Defendant(s). | ) | |

---

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF TAMEKIA YELDER, AS NEXT BEST FRIEND OF LONDYN HILL

---

Defendant TopGolf USA Birmingham, LLC (hereinafter "TopGolf" or "Defendant") propounds the following Interrogatories to Plaintiff Tamekia Yelder, as next best friend of Londyn Hill, pursuant to Rule 33 of the *Alabama Rules of Civil Procedure*:

### INSTRUCTIONS

1.    In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors, or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.    If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

    (a)    its date and type (e.g. letter, memorandum, etc.);

    (b)    its author;

    (c)    to whom it is addressed;

    (d)    all copy addressees;

(e)     all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(f)     the description of the subject matter discussed, described, referred to therein;

(g)     the specific reasons why you claim it is privileged; and

(h)     the name of its present custodian.

3.     In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified, and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.     "Plaintiff," "You," or "Yours" means Tamekia Yelder, as next best friend of Londyn Hill, including agents, attorneys, or any other persons acting or purporting to act on behalf of said Plaintiff.

2.     "Defendant" means TopGolf USA Birmingham, LLC.

3.     "Identify" or "Identification" shall mean:

(a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)     when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control, or custody of such documents;

4.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest and most factual statements of which you are capable.

5.      Plural words include the singular equivalent, and singular words include the plural equivalent.

6.      "And" includes the disjunctive "or," and "or" includes the conjunctive "and."

7.      "Incident" refers to the December 15, 2019 incident referenced in your Complaint.

## DUTY OF SUPPLEMENTATION

You are under a duty seasonally to supplement, update, and amend your responses and answers to the following discovery in the following categories:

(A)      Any request or question directly addressed to:

(1)      the identity and location of persons having knowledge of discoverable matters, and

(2)      the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)      Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)      you know that the prior response was incorrect when made, or

(2)      you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INTERROGATORIES

1.      State your full name, date of birth, Social Security number, residence address, and business address.

2.      State Londyn Hill's full name, date of birth, Social Security number, residence address, and business address.

3.      Identify all individuals who provided information and/or who participated in preparing responses to these Interrogatories and/or assembled or participated in the obtaining and providing of documents responsive to TopGolf First Requests for Production of Documents.

4.      Specify in all possible detail how the incident occurred, including all communications: between you and any friends, family, or associates present at or near the location where the incident occurred; between you and any of TopGolf's employees; and between any of your friends, family, or associates and any of TopGolf's employees.

5.      State fully where you were and what you were doing at the time of the incident, including in your response how you learned of the incident and the events that followed.

6.      Specify in all possible detail any and all interactions, conversations, and/or other communications that you (or your representative, including any relatives) have had with any of TopGolf's employees, representatives, or agents from December 15, 2019 to the present.

7.      Specify in all possible detail each and every physiological and emotional injury you claim Londyn Hill sustained as a result of the incident.

8.      Specify in all possible detail and quantify separately and severally each and every damage you claim Londyn Hill sustained as a result of the incident.

9.      Specify in all possible detail any injuries that Londyn Hill suffered before the December 15, 2019 incident for which she received medical treatment.

10.     Specify in all possible detail the location within TopGolf's facility where the incident occurred.

11.     Identify each health care provider, including but not limited to, physicians, physical therapists, and hospitals, from which Londyn Hill has ever received medical treatment.

12. Identify each health care provider, including but not limited to, physicians, physical therapists, and hospitals, from which Londyn Hill has received medical treatment related to the alleged injuries made the basis of this litigation.

13. Identify all individuals known or believed by you to have been eyewitnesses to the incident or who were at or near the scene of the incident.

14. Identify all individuals who have knowledge of any of the facts or allegations contained in your Complaint.

15. Specify in all possible detail your claim that TopGolf was negligent as alleged in your Complaint, including stating all facts that you claim support this allegation.

16. Identify all individuals who have or claim to have knowledge to support your contention that TopGolf was negligent as alleged in your Complaint.

17. Identify every standard, code, regulation, statute, and/or duty you contend TopGolf violated with regard to the incident.

18. Identify every expert witness, including medical experts, whom you expect to testify at the trial of this action.

19. Specify in all possible detail the substance of the facts and opinions to which each expert identified above is expected to testify, including in your response a summary of the grounds for the opinion of each such expert.

20. State whether you have received any payment or settlement from any other party or on behalf of any other party involved in the incident. If you have received such a payment or settlement, please identify the source, amount, and date of payment.

21. Identify all individuals and/or entities against which you have made a claim for personal injuries and/or property damages within the ten (10) years preceding the incident.

22. State whether you have ever been arrested or convicted of any crime. If so, identify the county and court where such arrest or conviction took place and identify the charge of the arrest and the results following the arrest.

23.     At the time of the incident made the basis of this lawsuit, please state whether Londyn Hill was insured or covered under any type of health or medical insurance, workers' compensation insurance, Medicare, Medicaid, or any other collateral source which provided health and/or medical benefit coverage or payments on his behalf to healthcare providers for any of the injuries or damages you are claiming in this lawsuit and, if so, state whether that entity has asserted a lien or subrogation claim pertaining to any proceeds you may receive through the disposition of this lawsuit and the amount of said lien or subrogation claim.

24.     Identify each and every pharmacy that you and/or anyone else acting on behalf of Londyn Hill have used to fill prescriptions for Londyn Hill.

25.     Have you been informed that your answers to these Interrogatories are given under oath?


/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
W. WALKER MOSS (MOS034)
Attorneys for Defendant,
TopGolf USA Birmingham, LLC


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
          wmoss@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Facsimile transmission;
_____ Hand Delivery;
_____ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
__XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Roderick Walls, Esq.
Roderick Walls & Associates, LLC
2122 First Avenue North
Birmingham, Alabama 35203
rod@wallscooplaw.com

/s/ Glenn E. Ireland_____
OF COUNSEL

ELECTRONICALLY FILED
1/18/2022 11:52 AM
01-CV-2021-903655.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON  COUNTY, ALABAMA

| | |
|---|---|
| TAMEKIA YELDER, Individually, and | ) |
| as Next Best Friend of LONDYN HILL, | ) |
| A Minor, | ) |
| | ) |
|    Plaintiff(s), | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: 01-CV-2021-903655 |
| | ) |
| TOPGOLF USA BIRMINGHAM, LLC. | ) |
| d/b/a TOPGOLF BIRMINGHAM, et al. | ) |
| | ) |
|    Defendant(s). | ) |

---

### DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF TAMEKIA YELDER,  AS NEXT BEST FRIEND  OF LONDYN HILL

---

Defendant  TopGolf  USA  Birmingham,  LLC  (hereinafter  "TopGolf"  or  "Defendant")
propounds the following Requests for Production to Plaintiff Tamekia Yelder, as next best friend
of Londyn Hill, pursuant to Rule 34 of the *Alabama Rules of Civil Procedure*:

### **INSTRUCTIONS**

1.      In  answering  these  Requests,  you  are  required  to  furnish  all  documents  and
information available to you or subject to reasonable inquiry by you, including, but not limited to,
information in your possession, the possession of your attorneys, advisors, or other persons
directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your
control.

2.      If any information called for by a Request is withheld because you claimed such
information is contained in a privileged document, for each such document state the following:

      (a)      its date and type (e.g. letter, memorandum, etc.);

      (b)      its author;

      (c)      to whom it is addressed;

      (d)      all copy addressees;

(e)     all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(f)     the description of the subject matter discussed, described, referred to therein;

(g)     the specific reasons why you claim it is privileged; and

(h)     the name of its present custodian.

3.      BPM requests that each document produced in response to these Requests be segregated, organized, identified, and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.      "Plaintiff," "You," or "Yours" means Tamekia Yelder, as next best friend of Londyn Hill, including agents, attorneys, or any other persons acting or purporting to act on behalf of said Plaintiff.

2.      "Defendant" means" Top Golf USA Birmingham, LLC.

3.      "Identify" or "Identification" shall mean:

(a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)     when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

4.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

5.      Plural words include the singular equivalent, and singular words include the plural equivalent.

6.      "And" includes the disjunctive "or," and "or" includes the conjunctive "and."

7.      "Incident" refers to the December 15, 2019 incident referenced in your Complaint.

## DUTY OF SUPPLEMENTATION

You are under a duty seasonally to supplement, update, and amend your responses and answers to the following discovery in the following categories:

(A)      Any request or question directly addressed to:

(1)      the identity and location of persons having knowledge of discoverable matters, and

(2)      the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)      Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)      you know that the prior response was incorrect when made, or

(2)      you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## REQUESTS FOR PRODUCTION

1.      Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other healthcare provider, and/or emergency room reports pertaining to the injuries you allege Londyn Hill sustained as a result of the incident, including correspondence from or to any physicians from whom Londyn Hill has received treatment as a result of the injuries claimed in your Complaint.

2.      Copies of all medical bills from any healthcare provider pertaining to the injuries you allege Londyn Hill sustained as a result of the incident.

3.      Copies of any other written materials that in any way pertain to, reference, and/or depict the injuries you allege Londyn Hill sustained as a result of the incident.

4.      Copies of any and all photographs of Londyn Hill that in any way show the injuries you allege Londyn Hill sustained as a result of the incident.

5.      Copies of all documents evidencing or purporting to support your claims that TopGolf was negligent and/or wanton with regard to the incident.

6.      Copies of all documents evidencing or purporting to support your claims that TopGolf violated any standard, code, regulation, statute, and/or duty with regard to the incident.

7.      Copies of all documents in your possession that were generated by and/or transmitted to you by TopGolf or any of their employees, representatives, or agents.

8.      Copies of all documents that were reviewed and/or referenced in responding to TopGolf's First Interrogatories.

9.      Copies of any and all correspondence between you (or your representative, including any relatives) and TopGolf (or any of their employees, representatives, or agents).

10.     Copies of the following documents pertaining to you and/or Londyn Hill, as applicable: driver's license, Social Security card(s), Medicare, Medicaid, and/or health insurance card(s), and any policies of insurance, including health insurance, which may provide coverage to Londyn Hill.

11.     Copies of all records, diaries, journals, calendars, notes, correspondence, or other documents that in any way refer to or relate to any of the claims and allegations set forth in your Complaint.

12.     Copies of any and all applications, documents, medical records, vocational reports, rulings, determinations either supplied to or received from the Center for Medicare and Medicaid Services and/or Social Security relating to any and all efforts to receive such benefits on behalf of yourself and/or Londyn Hill.

13.     Copies of any documents, exhibits, and/or demonstrative aids that you intend to use at the trial of this case.

14.     Copies of any and all photographs, drawings, maps, or any other reproduction that you intend to use at the trial of this case.

15.     Copies of any and all photographs and/or videotapes or other video recording of the incident and/or the premises referenced in your Complaint.

16.     Copies of all statements of TopGolf, including their employees, representatives, or agents, pertaining to the allegations in your Complaint and/or the incident.

17.     Copies of all documents which evidence, refer, or relate in any way to any formal or informal investigation or inquiry by you or any other person into the matters which form the basis of your Complaint.

18.     A copy of the birth certificate for Londyn Hill.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
W. WALKER MOSS (MOS034)
Attorneys for Defendant,
TopGolf USA Birmingham, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
          wmoss@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

| | |
|---|---|
| \_\_\_\_\_ | Facsimile transmission; |
| \_\_\_\_\_ | Hand Delivery; |
| \_\_\_\_\_ | Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or |
| XX | Using the Alafile or CM/ECF system which will send notifications of such to the following: |

Roderick Walls, Esq.
Roderick Walls & Associates, LLC
2122 First Avenue North
Birmingham, Alabama 35203
rod@wallscooplaw.com

/s/ Glenn E. Ireland
OF COUNSEL